UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIO S. CRUZ,

    Petitioner,

v.

GERALD HOFBAUER,

    Respondent,
_____/

Civil No. 2:06-CV-14200
HONORABLE GERALD E. ROSEN
CHIEF UNITED STATES DISTRICT JUDGE

**OPINION AND ORDER HOLDING CASE IN ABEYANCE, STAYING CASE WITH CONDITIONS, AND ADMINISTRATIVELY CLOSING THE CASE.**

Dario S. Cruz, ("Petitioner"), presently confined at the Oaks Correctional Facility in Manistee, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for first-degree murder, M.C.L.A. 750.316, felon in possession of a firearm, M.C.L.A. 750.224f; and possession of a firearm of a felony, M.C.L.A. 750.227b. Respondent has filed an answer, claiming that the petitioner's claims lack merit. For the reasons stated below, in *lieu* of adjudicating the merits of the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

**I. Background**

Petitioner was convicted of the above offenses following a jury trial in the Wayne

County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Cruz,* No. 252311(Mich.Ct.App. March 22, 2005); *lv. den.* 474 Mich. 905, 705 N.W.2d 118 (2005).

On September 18, 2006, petitioner filed a petition for writ of habeas corpus with the Court. [1] Petitioner seeks habeas relief on the following grounds:

> I. Petitioner was denied Sixth Amendment right to confrontation and cross-examination when the state court permitted, over objection, prior testimony of a reluctant witness to be read to the jury. The state courts' rejection of the constitutional claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.
>
> II. Petitioner was denied the right to present a defense when the state court trial judge refused to allow testimony from a police witness the victim may have been killed by drug dealing associates. The state courts' treatment and rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.
>
> III. Petitioner was denied his Sixth Amendment right to a fair and impartial jury because Hispanic-Americans were systematically excluded and totally absent from all juries, in a county having many thousands of Hispanic residents eligible for jury service. The state courts' treatment and rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.
>
> IV. Petitioner was denied his Sixth Amendment right to effective assistance of counsel during trial. The state courts' treatment and rejection of this claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court.
>
> V. Petitioner was denied due process of law and a fair trial when the state court permitted an in-court identification which was the product of a photographic show-up that singled out and suggested petitioner was the person authorities had targeted.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on September 18, 2006, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

## II. Discussion

Petitioner's habeas application is subject to dismissal, because it contains a claim that has not been exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). The Antiterrorism and Effective Death Penalty Act (AEDPA) preserves the traditional exhaustion requirement, which mandates dismissal of a habeas petition containing claims that a petitioner has a right to raise in the state courts but has failed to do so. *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Federal district courts must dismiss mixed habeas petitions which contain both exhausted and unexhausted claims. *Pliler v. Ford,* 542 U.S. 225, 230 (2004)(*citing Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). The failure to exhaust state remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003); 28 U.S.C. § 2254(b)(3).

In the present case, petitioner has raised a number of ineffective assistance of counsel claims in his fourth claim. One of his claims is that counsel was ineffective for failing to object to the state trial court judge's decision to eject his mother and grandmother from the trial, contending that this violated his right to a public trial. Although petitioner raised five ineffective assistance of counsel claims in the state courts, petitioner never raised a claim involving counsel's alleged ineffectiveness in

failing to object to the trial court's alleged violation of his right to a public trial. [2]

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v. Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990). Because petitioner's ineffective assistance of counsel claim involving the alleged violation of his right to a public trial is different than the ineffective assistance of counsel claims presented during petitioner's direct appeals process, this claim has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)).

A habeas petitioner may not present a "mixed" petition containing both exhausted and unexhausted claims to a federal court. *Rockwell v. Yukins*, 217 F. 3d 421, 423 (6th Cir. 2000). Although this requirement is not jurisdictional, a petition that includes unexhausted claims will ordinarily not be considered by a federal court absent exceptional or unusual circumstances. *Rockwell*, 217 F. 3d at 423. Moreover, with the AEDPA, Congress made it clear that the only circumstance in which mixed petitions may be considered by a district court is where the court determines that the petition must be dismissed in its entirety. *Id.* at 424.

Although a federal court may adjudicate a habeas petition when the grounds for relief are without merit, *See Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991), this Court declines to do so in this case, because, absent a decision from the State courts,

---

[2] *See* Defendant-Appellant's Motion to Remand and Defendant-Appellant's Brief on Appeal, filed with the Michigan Court of Appeals[this Court's Dkt. # 33] and Defendant-Appellant's Application for Leave to Appeal Pursuant to M.C.R. 7.302, filed with the Michigan Supreme Court. [Dkt. # 34].

4

the Court finds it is not in a position to fairly evaluate the merits of petitioner's ineffective assistance of counsel claim.

The Court's only concern in dismissing the current petition involves the possibility that petitioner might be prevented under the one year statute of limitations contained within 28 U.S.C. § 2244(d)(1) from re-filing a petition for writ of habeas corpus following the exhaustion of these issues in the state courts.

A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). A federal district court thus has the discretion to stay a mixed habeas petition containing exhausted and unexhausted claims in order to allow the petitioner to present his unexhausted claims to the state courts in the first instance, and then to return to the federal district court for habeas review of his or her completely exhausted petition. *See Rhines v. Weber,* 125 S. Ct. 1528, 1532-36 (2005). However, even where it is appropriate to stay the habeas petition and hold it in abeyance pending exhaustion in the state courts, because of the timeliness concerns reflected in the AEDPA, a mixed habeas petition should not be stayed indefinitely. *Id.* at 1535. Therefore, district courts should place reasonable time limits on a petitioner's return to state court and back. *Id.* The Supreme Court indicated that "[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. In such circumstances, the

5

district court should stay, rather than dismiss, the mixed petition." *Id.* at 1535. [3]

As noted, petitioner's ineffective assistance of counsel claim does not, on its face, appear to be "plainly meritless." Further, petitioner may assert that he did not previously raise his ineffective assistance of trial counsel claim in the state courts due to the ineffective assistance of appellate counsel. *See e.g. Rhines v. Weber*, 408 F. Supp. 844, 848-49 (D.S.D. 2005). See *also See also Barnes v. Lafler,* No. 2007 WL 2646583, * 2 (E.D. Mich. September 5, 2007). Lastly, there is no indication of intentional delay by petitioner.

However, even where a district court determines that a stay is appropriate pending exhaustion, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 125 S. Ct. at 1535. To ensure that there are no delays by petitioner in exhausting state court remedies, this Court imposes time limits within which petitioner must proceed with his state court post-conviction proceedings. *See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. *See Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).  Petitioner is, in fact, required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he would raise in his post-conviction motion. *See e.g. Mohn v. Bock,* 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002).

### III.  ORDER

Accordingly, for the reasons stated, the Court holds the petition in abeyance and **STAYS** this action so that Petitioner can fully exhaust state court remedies as to his unexhausted claim or claims.  The stay is conditioned on petitioner presenting his unexhausted claims to the state courts within 90 days of the filing date of this order. *See Hill v. Anderson,* 300 F.3d 679, 683 (6th Cir. 2002).  The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, within 30 days of exhausting state remedies. *See Palmer*, 276 F.3d at 781.  Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this

matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

s/Gerald E. Rosen  
Chief Judge, United States District Court

Dated:  April 3, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 3, 2009, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry  
Case Manager
